**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| **HEATHER SOUDERS**, individually, and on behalf of all others similarly situated, | : : : | COLLECTIVE ACTION |
|  | : | No.: |
| Plaintiffs, | : | |
| v. | : | Hon. |
|  | : | |
| **MORNINGSIDE ELITE MANAGEMENT, LLC**, a New York limited liability company, | : : : | |
|  | : | |
| Defendant. | : | |

### COLLECTIVE ACTION COMPLAINT AND JURY DEMAND

Plaintiff, Heather Souders ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her undersigned attorneys, hereby brings this Collective Action Complaint against Morningside Elite Management, LLC ("Defendant") to recover unpaid overtime compensation, liquidated damages, attorney's fees, costs, and other relief as appropriate under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*. Plaintiff's allegations herein are based upon knowledge as to matters relating to herself and upon information and belief as to all other matters.

### JURISDICTION AND VENUE

1.     This Court has subject-matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331, because Plaintiff's claims raise a federal question under 29 U.S.C. §§ 201, *et seq*.

2.     Additionally, this Court has jurisdiction over Plaintiff's collective action FLSA claim pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."

3. Defendant's annual sales exceed $500,000 and it has more than two employees, so the FLSA applies in this case on an enterprise basis. Defendant's employees engaged in interstate commerce and therefore they are also covered by the FLSA on an individual basis.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant conducts business within this District and a substantial portion of the events that give rise to Plaintiff's claims, including the establishment of the payroll practices at issue, occurred in this District.

5. Defendant's principal place of business is located in Setauket, New York, so general personal jurisdiction lies in the Eastern District of New York.

## PARTIES

6. Plaintiff is an adult resident of Collegeville, Pennsylvania and was employed by Defendant as an hourly employee from approximately January 2023 to April 2026. Plaintiff's consent to join form is attached as **Exhibit A**.

7. Defendant compensated Plaintiff for her services as a Wellness Coordinator in the form of an hourly wage, most recently at the rate of $28.08 per hour.

8. Additional putative Collective members were or are employed by Defendant as hourly employees during the past three years and their consent forms will also be filed in this case.

9. Defendant is a domestic limited liability company organized under the laws of the State of New York, with its principal office located at 128 Old Town Road, Suite C, Setauket, New York 11733.

10. Defendant may be served through the New York Secretary of State as agent for service of process, which forwards service to Kelly Mason at 81 Old Field Road, Old Field, New York 11733.

## FACTUAL BACKGROUND

11.     In addition to the base rate of pay, Defendant incorporated various types of routine and non-discretionary pay into its compensation structure. For example, Defendant provided Plaintiff and others with second and third shift differential pay ("shift differential pay").

12.     Throughout Plaintiff's employment with Defendant, she was eligible for and received shift differential pay and other non-discretionary remuneration.

13.     Throughout Plaintiff's employment with Defendant, Defendant failed to properly calculate Plaintiff's shift differential pay and other non-discretionary remuneration in the regular rate for proper overtime rate calculation.

14.     Defendant's hourly employees are classified as non-exempt employees, use the same timekeeping system(s), are subject to the same relevant timekeeping, pay, and attendance policies, and have the same or similar duties/policies.

15.     As non-exempt employees, Defendant's hourly employees were entitled to full compensation for all overtime hours worked at a rate of 1.5 times their "regular rate" of pay.

16.     However, Defendant failed to take the various routine and non-discretionary remuneration into consideration when calculating its hourly employees' regular rate of pay and resulting overtime premium rate. As a result, Defendant did not pay the proper overtime rate under the law.

17.     Under FLSA, the regular rate is the "keystone" to calculating the correct overtime rate. *Walling v. Youngerman-Reynolds Hardwood Co.*, 325 U.S. 419 (1945). It is "the hourly rate actually paid the employee for the normal, nonovertime workweek for which she is employed." 29 C.F.R. § 778.108.

18.     No matter how an employee is paid - whether by the hour, by the piece, on commission, or on a salary, the employee's compensation must be converted to an equivalent hourly rate from which

the overtime rate can be calculated. 29 C.F.R. §778.109. "The regular hourly rate of pay is determined by dividing the employee's total remuneration for employment (except statutory exclusions) in any workweek by the total number of hours actually worked by the employee in that workweek for which such compensation was paid." *Id.*

19.     Defendant's shift differential pay and other non-discretionary remuneration do not fall within any of the statutory exclusions from the regular rate as provided in 29 U.S.C. §§ 207(e)(1)-(8).

20.     There is a statutory presumption that remuneration in any form must be included in the regular rate calculation. Defendant carries the burden to establish that any payment should be excluded. *Acton v. City of Columbia, Mo.*, 436 F.3d 969, 976 (8th Cir. 2006) (citing *Madison v. Resources for Human Dev. Inc.*, 233 F.3d 187 (3rd Cir. 2000)). Thus, determining the regular rate starts from the premise that all payments made to Defendant's hourly employees for work performed are included in the base calculation unless specifically excluded by statute.

21.     Once the total amount of an employee's "regular" compensation is deduced, "the determination of the regular rate becomes a matter of mathematical computation." *Walling v. Youngerman-Reynolds Hardwood Co.*, 325 U.S. 419, 425 (1945). The regular rate must be expressed as an hourly rate because, although any method of compensating an employee is permitted, the FLSA imposes its overtime requirements in terms of hourly wages. Thus, if necessary, an employer must convert an employee's wages to an hourly rate to determine compliance with the statute.

22.     Plaintiff's "total remuneration" included not only her base hourly pay, but also shift differential pay and other non-discretionary remuneration. Indeed, 29 C.F.R. § 548.502 expressly provides that "[e]xtra overtime compensation must be separately computed and paid on payments

such as premiums or shift differentials which are not included in the computation of the established basic rate…"; *see also* 29 C.F.R. § 778.207(b) (Under FLSA, the regular rate of pay must consist of all forms of remuneration including non-discretionary premiums and "such extra premiums as night shift differentials… and premiums paid for hazardous, arduous, or dirty work.").

23.     However, Defendant failed to incorporate shift differential pay and other non-discretionary remuneration into its hourly employees' regular hourly rate calculation, resulting in *prima facie* violations of the FLSA.

24.     Consistent with Section 7(a) of the Fair Labor Standards Act, Plaintiff and all others similarly situated are entitled to overtime pay equal to 1.5 times their regular rate of pay for hours worked in excess of forty (40) hours per week.

25.     Plaintiff and all other hourly employees have regularly worked in excess of 40 hours a week and were paid some overtime for those hours but at a rate that does not include Defendant's shift differential pay and other non-discretionary remuneration as required by the FLSA.

26.     For example, Plaintiff's pay stub for the pay period 2/22/2026 through 3/7/2026 shows 105.75 total hours of work (80 regular hours and 25.75 overtime hours), a base hourly rate of $27.00, an overtime premium rate of $40.50 (1.5 times the base rate), and gross earnings of $3,292.08, inclusive of $88.42 in second shift differential pay and $0.78 in third shift differential pay. However, her overtime rate does not account for these shift differential payments and therefore, Defendant violated the FLSA.

27.     Defendant paid Plaintiff, and all other hourly employees, additional non-discretionary remuneration that Defendant failed to include in the regular rate calculation.

28.     To the extent that any of Defendant's premium compensation paid to Plaintiff and all other hourly employees could be qualified and applied as a credit under 29 U.S.C. §§ 207(7)(h), those credits may only be applied to the same workweek or work period in which the premiums were paid. *Herman v. Fabri-Centers of Am., Inc.*, 308 F.3d 580, 590-92 (6th Cir. 2002).

29.     In a Department of Labor Opinion Letter dated December 23, 1985, the Deputy Administrator stated: "We wish to point out that the surplus overtime premium payments, which may be credited against overtime pay pursuant to section 7(h) of [the] FLSA, may not be carried forward or applied retroactively to satisfy an employer's overtime pay obligation in future or past pay periods." *Opinion Letter Fair Labor Standards Act* (flsa), 1985 WL 304329 at 3 (1985).

30.     As a result of these *prima facie* FLSA violations, Defendant is liable to Plaintiff and all other hourly employees for unpaid wages, liquidated damages, reasonable attorney's fees and costs, interest, and any other relief deemed appropriate by the Court.

## FLSA COLLECTIVE ACTION ALLEGATIONS

31.     Pursuant to 29 U.S.C. § 216(b), Plaintiff brings this action on behalf of all current and former hourly employees who worked for Defendant in the United States at any time in the past three years.

32.     A Collective Action under the FLSA is appropriate because the employees described above are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b). The employees on behalf of whom Plaintiff brings this collective action are similarly situated because, among other things, all such individuals were eligible for and did receive shift differential pay and other non-discretionary remuneration, but such pay was not calculated as part of their regular rate as required by the FLSA.

33. Upon information and belief, Defendant utilized a centralized payroll system which calculated overtime pay for all similarly situated employees in the same or similar manner, regardless of which location or state they worked in.

34. As part of its regular business practices, Defendant intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the members of the FLSA Collective. This policy and pattern or practice includes, but is not limited to, willfully failing to include all non-discretionary remuneration in the regular rate calculations for Plaintiff and the members of the FLSA Collective.

35. Defendant's unlawful conduct has been and continues to be widespread, repeated, and consistent.

36. The employment relationships between Defendant and every proposed FLSA Collective member are the same and differ only by name, location, and rate of pay. The key issue – the proper calculation of the regular rate – does not vary substantially among the proposed FLSA Collective members.

37. Court-authorized notice pursuant to 29 U.S.C. § 216(b) is proper and necessary so that these employees may be readily notified of this action through direct U.S. mail and/or other means including email and allowed to opt in for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages and/or interest, and attorneys' fees and costs under the FLSA.

38. Upon information and belief, there are numerous similarly situated current and former employees of Defendant who were not paid their required wages and who would benefit from the issuance of court-authorized notice of this lawsuit and the opportunity to join. The precise number should be readily available from a review of Defendant's personnel and payroll records.

## COUNT I
## VIOLATIONS OF THE FAIR LABOR STANDARDS ACT,
## 29 U.S.C. § 201, *et seq*. – FAILURE TO PAY OVERTIME

39.    Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

40.    Defendant is an employer within the meaning of 29 U.S.C. § 203(d).

41.    Plaintiff is an employee within the meaning of 29 U.S.C. § 203(e).

42.    The Fair Labor Standards Act and its implementing regulations require that the regular rate of pay include all forms of remuneration. Section 207(e) outlines eight exceptions where payments to employees may not be included in the regular rate. Defendant's shift differential pay and other non-discretionary remuneration do not fall into any of those exceptions.

43.    Defendant failed to include shift differential pay and other non-discretionary remuneration into the regular rate of pay for Plaintiff and all others similarly situated when calculating overtime rates. The failure to include this remuneration in overtime computations violates Section 7(a) of the FLSA, because Defendant's hourly employees are working overtime without being paid the statutorily required rates. 29 U.S.C. § 207(a).

44.    At all relevant times, Defendant had a policy and practice of willfully refusing to pay Plaintiff and all putative collective members the legally required amount of overtime compensation for all hours worked in excess of 40 hours per workweek, in violation of the FLSA.

45.    As a result of Defendant's willful failure to compensate Plaintiff and the putative collective members at a rate not less than 1.5 times the regular rate of pay for work performed in excess of 40 hours in a workweek, Defendant violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including but not limited to 29 U.S.C. §§ 207(a)(1), 215(a), and 29 C.F.R. §§ 778.104. Defendant's conduct as alleged herein constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

46.     Plaintiff and all others similarly situated are entitled to backpay as well as liquidated damages in an amount equal to their backpay. As a result of Defendant's FLSA violations, Plaintiff and all others similarly situated are owed overtime wages at a rate to be calculated by taking the difference between the overtime they should have received for each workweek and the overtime they did receive during the same time period calculated using the incorrect regular rate. The exact amount can be readily determined using payroll and other employment records Defendant is statutorily required to maintain under FLSA 29 U.S.C. § 211(c).

47.     Plaintiff and all others similarly situated are entitled to backpay, liquidated damages, interest, attorney's fees and costs, and other relief as appropriate under the statute. 29 U.S.C. § 216(b).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, requests the following relief:

    a.      Designation of this action as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b);

    b.      An Order compelling Defendant to provide Plaintiff a list of all current and former hourly employees who worked for Defendant at any time in the past three years. This list shall include the last known addresses, emails, and telephone number of each such person, so that Plaintiff can give those individuals notice of this action and an opportunity to make an informed decision about whether to participate;

    c.      An Order designating Plaintiff as representative of the FLSA Collective, and the undersigned as counsel for the same;

    d.      A complete accounting of all the compensation Plaintiff and all others similarly situated are owed;

    e.      An Order declaring Defendant violated the FLSA and the Department of Labor's attendant regulations as cited herein;

    f.      An Order declaring Defendant's violations of the FLSA were willful;

g.  A monetary judgment awarding full back pay and an equal amount in liquidated damages;

h.  An award of pre-judgment and post-judgment interest;

i.  An award of costs and expenses of this action together with reasonable attorneys' fees, and an award of a service payment to the named Plaintiff; and

j.  Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff and all others similarly situated hereby demand a trial by jury on all issues in this complaint that are so triable as a matter of right.

Date: August 7, 2026                    Respectfully submitted,

*/s/ Eric Sands*
Eric Sands
BROWN, LLC
111 Town Square Place, Suite 400
Jersey City, NJ 07310
877-561-0000
eric.sands@jtblawgroup.com

Ethan C. Goemann (GA Bar No. 326816)
(*Pro Hac Vice* forthcoming)
SOMMERS SCHWARTZ, P.C.
One Towne Square, 17th Floor
Southfield, Michigan 48076
248-355-0300
egoemann@sommerspc.com

*Attorneys for Plaintiff and the*
*Proposed Collective*